UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZANE MURDOCK,

    *Plaintiff*,

v.

SAVILE INVESTMENTS PTY. LTD,

    *Defendant*.

Case No. 1:24-cv-1899 (ACR)

## MEMORANDUM OPINION

    Plaintiff Zane Murdock filed suit against Defendants Savile Investments Pty. Ltd., Dowd Scheffel PLLC, and the United States Patent and Trademark Office ("USPTO") asserting claims under the Lanham Act and common law. Dkt. 16. The Court dismissed the claims against Dowd Scheffel and the USPTO; it also dismissed Plaintiff's extortion claim against all Defendants. Minute Order (Apr. 30, 2025). Plaintiff's dispute with the remaining Defendant, Savile Investments, arises from Defendant's use of the HUCK mark. Plaintiff contends he was the first to use the mark and argues that Defendant's subsequent use and trademark registration for HUCK constitute trademark infringement and fraud. Dkt. 16 at 3–4.

    Defendant has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. Dkt. 30. Having considered the parties submissions and relevant case law, the Court **GRANTS** Defendant's Motion, *id.*, and **DISMISSES** Plaintiff's Amended Complaint, Dkt. 16, with prejudice.

    Pleadings by *pro se* litigants are subject to "less stringent standards[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under the liberal pleading standard, however, the Court finds

that Plaintiff has not stated a plausible claim for federal trademark infringement, common-law trademark infringement, or fraud.

To prevail on his federal trademark infringement claim, Plaintiff "must show (1) that he owns a valid trademark, (2) that his trademark is distinctive or has acquired a secondary meaning, and (3) that there is a substantial likelihood of confusion between the plaintiff's mark and the alleged infringer's mark." *Globalaw Ltd. v. Carmon & Carmon L. Offs.*, 452 F. Supp. 2d 1, 26 (D.D.C. 2006) (citation modified).  Even if the Court assumes Plaintiff has sufficiently plead the first element, his claim nonetheless fails on the remaining two.  Plaintiff's Amended Complaint alleges no facts to establish that his trademark is distinctive or has acquired secondary meaning, and he has not pled that there is substantial likelihood of confusion between his mark and Defendants.  Therefore, the Court must dismiss his federal trademark infringement claim.

The Court must also dismiss Plaintiff's common-law trademark infringement claim.  Common-law trademark infringement is evaluated under the same standard as federal trademark infringement.  *See Ward One Democrats, Inc. v. Woodland*, 898 A.2d 356, 361 (D.C. 2006).  Because Plaintiff's federal law claim fails, so too must his common-law claim.

Plaintiff's fraud claim fares no better.  "[U]nder District of Columbia law,[1] a plaintiff claiming fraud must prove that (1) the defendant made a false representation; (2) in reference to material fact; (3) with knowledge of its falsity; (4) with the intent to deceive the plaintiff; (5) the plaintiff acted in reasonable reliance on that representation; (6) which consequently resulted in provable damages." *Cordoba Initiative Corp. v. Deak*, 900 F. Supp. 2d 42, 47 (D.D.C. 2012) (citation modified).  Plaintiff's Amended Complaint contains "[t]hreadbare" and "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  Plaintiff merely states that Defendant

---

[1] Since none of the trademark provisions that Plaintiff relies on identifies a statutory basis for his fraud claim, the Court interprets Plaintiff's cause of action as common-law fraud.

2

"had prior knowledge of Plaintiff when [Defendant] commenced business." Dkt. 16 at 4. This, alone, is not enough to "allow[] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. And because Plaintiff does not "state with particularity the circumstances constituting fraud," he cannot prevail on his claim. Fed. R. Civ. P. 9(b); *see Doe v. Roman Cath. Diocese of Greensburg*, 581 F. Supp. 3d 176, 189 (D.D.C. 2022).

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's Amended Complaint and this case with prejudice.[2] The Court also **GRANTS** Defendant's request for leave to file a motion for an award of attorney's fees. *See id.* at 33. Pursuant to this District's procedures on motions for attorney's fees, the Court **ORDERS** "the parties to confer and to attempt to reach agreement on fee issues." LCvR 54.2(a). The parties shall contact the Courtroom Deputy to schedule a status conference on or before January 12, 2026, and shall file a joint status report updating the Court on the progress of this matter at least four days before the conference. A separate Order consistent with this Memorandum Opinion shall issue this day.

Date: November 12, 2025

                                                ANA C. REYES
United States District Judge

---

[2] The Court believes an amendment at this stage would be futile and prejudicial to Defendant. Also, Plaintiff has stated that he "will not be filing a second amended complaint." Dkt. 29 at 1.